(121 N. W. 918.)

---

CHRIST J. ZELLMER, *v.* ASA T. PATTERSON AND SMITH LAND COMPANY, (INCORPORATED).

Opinion filed June 26, 1909.

### Specific Performance — Pleading — Actions — Defense — Demurrer.

This action was brought for specific performance of a contract to secure title to forty acres of land through the location of government scrip, and to enjoin the defendant Patterson from conveying any part of the forty acres to the defendant Smith Land Company, and to cancel a contract alleged to have been made by him to convey some portion of such tract of land. The complaint alleges that he was employed to secure and locate scrip for plaintiff, and that he agreed to have the power of attorney which went with the scrip, authorizing the holder of the power to sell and deed, run to plaintiff, but that in violation of the contract he had taken it to himself. To a defense which stated that defendant Patterson had conveyed by warranty deed to the plaintiff thirty-seven acres of the forty, and that such deed conveyed title in fee simple to the plaintiff, and had been accepted by him, and setting forth a contract

executed by plaintiff and defendant Patterson, wherein plaintiff acknowledged payment by Patterson for three tracts of one acre each in such forty acres, and agreed to convey the same to Patterson, plaintiff demurred. *Held,* that the allegations of the answer referred to standing admitted on demurrer thereto show title in plaintiff to all that part of the forty-acre tract belonging to him, and that (as far as the pleadings show) his only ground of complaint is that he received title through Patterson instead of direct from the vendor of the scrip, and, further, that a court of equity, looking to substance rather than to form, will not take cognizance of this variance in the method of obtaining title from that alleged to have been agreed upon, and the part of the answer demurred to states a defense.

Specific performance by Christ J. Zellmer against Asa T. Patterson and another. From an order sustaining a demurrer to a paragraph of the answer of the defendant Patterson, he appeals.

Reversed.

*Newton & Dullam,* for appellant. *Nels Larson* and *W. F. Corrigan,* for respondent.

SPALDING, J. This is an appeal from an order sustaining a demurrer to one paragraph of defendant's answer. Both the complaint and the answer are of great length. To a complete understanding of the case, it would be necessary to set them forth in full, but its importance does not warrant doing so. The complaint alleges the employment of the defendant as an attorney to procure and locate scrip upon 40 acres adjoining the townsite of Gackle. This 40-acre tract had already been platted. It attempts to detail the reasons why the respondent platted it and wished to obtain title, and charges knowledge on the part of the defendant of such reasons. It alleges the payment to appellant of $500 with which to purchase the scrip and to pay in full for his legal services pertaining to the purchase and location, and alleges that appellant purchased the scrip and located it upon such 40 acres about the 2d day of July, 1904, but that he was negligent in performing the duties for which he was employed, and did not attend to having the scrip forwarded to the General Land Office in Washington or getting a patent issued, by reason of which negligence respondent was compelled to employ other attorneys at great expense; that the scrip was obtained from one Frank C. Reid; and that in connection with the scrip were two powers of attorney, one authorizing the location of the scrip and the other authorizing the attorney in fact to take

possession of the land on which the scrip was located and sell and convey the same, and do all other acts which the principal could do had the power not been given, and to do other things usually authorized in such powers of attorney. It is also alleged that the name of the attorney in fact was left blank in the last-named power of attorney, and that it was understood between respondent and appellant that respondent's name should be inserted therein as attorney in fact for Reid; that, in violation of his agreement, appellant inserted his own name in such power of attorney, and refused to deliver the papers relating to such transaction to respondent, and recorded such power of attorney in the office of the register of deeds in Logan county, and entered into a contract with the defendant Smith Land Company, whereby he agreed to sell part of such tract of land to said company, and that said company has, or claims to have, some right, title, or interest therein which is junior, inferior, and subordinate to the rights of the respondent. The prayer for relief is as follows: "Wherefore the plaintiff demands judgment against the defendant Asa T. Patterson, decreeing the specific performance of the contract entered into between said plaintiff and the defendant Asa T. Patterson on the 28th day of June, 1904; that the said power of attorney, placed on file and of record in the register of deeds' office in and for the county of Logan and state of North Dakota, on the 9th day of October, 1906, at 3:30 o'clock p. m., which is referred to in this complaint as 'Exhibit G,' be adjudged and decreed to be void and of no force and effect, and that all deeds, instruments, contracts of every kind, name or nature which have been signed, executed, or delivered by the said defendant Asa T. Patterson, or any one acting under or through him, and for a further order and decree that said plaintiff's right, claim, and title to said premises is first and superior to that of the defendant the Smith Land Company, together with the costs and disbursements of this action, and such other relief as may be just and equitable." The answer of the appellant admits the employment, but denies that he was ever employed in the premises as an attorney at law, and asserts that he was employed only to purchase and locate the scrip as a dealer therein; denies that there was ever any understanding that respondent's name should be inserted in the power of attorney; admits many of the allegations, but contains a general denial as to all things not admitted, specifically denied or qualified; denies that he in any way has neglected to carry out the arrangement between

him and respondent, and alleges that the scrip was purchased and received by him in trust, not for the use of respondent alone, but for the benefit of all persons interested in the 40-acre tract, including himself to the extent of three tracts of one acre each; and alleges that he was authorized to insert his own name in the power of attorney mentioned. Appellant in his answer also admits that he was paid by cash and check $500, the purchase price of the scrip and for his services in procuring and locating it, and that he has contracted to sell to the Smith Land Company three tracts of one acre each of said 40 acres.

Paragraph 13 of the answer reads as follows: "Alleges: That on the 28th day of June, 1904, at Bismarck, the plaintiff and this defendant entered into an agreement in writing, in the words and figures following, to wit: 'For value received, I, C. J. Zellmer, of Kulm, N. D., hereby sell and agree to convey to A. T. Patterson, of Bismarck, N. D., three one acre tracts in such location as A. T. Patterson may select out of the Northeast quarter of the Southeast quarter of Section six (6) in Township One Hundred Thirty-six (136), North of Range Sixty-seven (67), West of the 5th P. M., provided that such selection shall not be made for lands now occupied by buildings. Dated June 28, 1904. [Signed] C. J. Zellmer. [Signed] A. T. Patterson.' Which said instrument was then and there duly acknowledged before M. P. Skeels, Esq., a notary public, and that, by virtue of the provisions of the said agreement, this defendant on or about the 23rd day of June, 1906, made a selection in writing of the said tracts mentioned in said contract, and in accordance with the terms thereof, and then and there duly acknowledged the same so as to entitle it to be recorded, and thereafter, on the 6th day of June, A. D. 1906, the same was duly recorded in the office of the register of deeds for Logan county, N. D., and a true copy thereof duly delivered to the plaintiff on the 7th day of July, 1906. That thereupon, on the 24th day of October, 1906, this defendant duly conveyed by a deed of warranty to the plaintiff as grantee all of said land upon which said scrip had theretofore been located, except the three tracts of one acre each, as designated in the agreement as hereinbefore set forth relating thereto, and mentioned and described in this defendant's selection made in pursuance of such agreement, and that the plaintiff then and there received and accepted the same and since said time has retained said deed, and that said deed fully invested the fee-simple title to the land

therein described and conveyed in the plaintiff. That, by reason of the premises and the facts hereinbefore set forth and shown, the plaintiff is estopped from in any way claiming or asserting title to the said three tracts belonging to this defendant, and hereinbefore described." To paragraph 13 respondent interposed a demurrer on the ground that said part of said answer is insufficient in law upon the face thereof to constitute a defense to the complaint herein. This demurrer was sustained. From the order sustaining it defendant appeals. There is much unnecessary matter in the complaint and likewise in the answer. Many of the allegations in the complaint would be proper in pleadings in an action for damages for breach of contract, but seem to us to have no place in this action when read in the light of the prayer for relief. From the answer as a whole we are unable to determine whether paragraph 13 was intended as a part of one defense or as a separate defense distinct from the remainder of the answer. Unquestionably its allegations would have been properly included as a part of one defense with the balance of the answer; but inasmuch as it has been treated by respondent, and evidently by the trial court, as a separate defense, we shall treat it as though specifically so pleaded. It may be noted that the demurrer raises the broad question of a defense, and not simply the question as to whether the facts pleaded constitute an estoppel.

Let us inquire what the respondent was seeking to secure if we can determine this from the pleadings. He first asks for "specific performance." We are not perfectly clear as to what he means by this demand; but, when read in connection with all the facts pleaded and the remainder of his prayer, we think this part of the prayer is limited by the remaining portions of the prayer, and that he is seeking to get the title to the 40 acres described, and that he considers it necessary, in order to do so, to have the power of attorney which has been recorded adjudged void, and that appellant deliver to him another in its place. He does not charge appellant with having given deeds or conveyances of any kind to any part of the premises except one to the Smith Land Company. We therefore interpret his prayer that all deeds, instruments, and contracts, of every name, nature, and description, which may have been signed, executed, or delivered by defendant Patterson be declared void and of no effect, to refer to the contract which he charges Patterson with having entered into to convey a portion of the 40 acres to the Smith Land

Company, and that he means thereby to secure the cancellation of that contract. He next prays that the defendant, by which we suppose he means Patterson, execute and deliver such instrument, or instruments, as may be necessary to remove any cloud upon the said premises, caused by his acts. The contract to the Smith Land Company must be meant by this also, because he pleads no facts showing any cloud upon any part of the premises, except the contract to the Smith Land Company already referred to. The final prayer that his title to the premises be decreed to be superior to that of the Smith Land Company is in harmony with his prayer that the contract with it be adjudged void. These separate parts of the prayer for relief simply go toward the general object sought of securing title to the 40 acres which respondent claims belongs to him under the contract. How are these facts and the prayer for relief met by the allegations of paragraph 13 of the answer?

1. A contract is set out as entered into by and between the appellant and respondent, not alleged to be any part of the consideration for appellant's services—in fact, any such claim is negatived by the pleadings—but wherein respondent acknowledges payment for three tracts of land of one acre each included in the 40 acres, and agrees to convey the same to appellant; and appellant alleges that he has selected the same in accordance with the terms of the contract. On demurrer these allegations stand admitted.

2. It alleges that appellant has executed and delivered to respondent a valid warranty deed conveying by title in fee to respondent the remaining 37 acres, and that respondent has received, accepted, and retained the same. He accounts for the title to the whole 40-acre tract by showing that he has retained three acres to which he himself was entitled under the contract, and that respondent has acquired and accepted title to 37 acres; that being all that belonged to him or in which he has any interest. These facts all stand admitted by the demurrer, and it is thereby also admitted that such deed fully invested the fee-simple title to the 37 acres described in the respondent. The respondent was in no way interested, legally at least, by reason of any facts shown in the pleadings, in these three tracts of one acre each. He had no ground for complaint because the deed did not come directly from Reid to him so as to admit of his redeeding the three acres to Patterson. If Patterson was satisfied with the title which he acquired, or may acquire,

to the three acres in this manner, Zellmer has no reason to complain; neither had he, as far as the pleadings show, of his title to the 37 acres. All he shows in his complaint is that he has a right to the title to the 40 acres. Paragraph 13 shows that he has received the title, and accepted it, to 37 acres, and that he is no longer interested in the other three acres, and has no equitable right to the title thereto. The whole case therefore resolves itself down to this: That respondent claims that the power of attorney should have been filled in with his name as attorney in fact for Reid; that it was completed by inserting Patterson's name as attorney in fact for Reid; and that, by reason of the latter fact, Patterson will, if he has not already done so, perfect his title to the three acres by a deed from Reid by Patterson, as Reid's attorney in fact, to Patterson as grantee, or to Patterson's assignees if he has assigned the contract. Whereas, if Zellmer's version of the transaction is correct, Reid, as grantor, would have deeded by Zellmer, his attorney in fact, to Zellmer as grantee, 37 acres, and in the same manner, Reid by Zellmer, as grantor, would have deeded the three acres to Patterson as grantee. This variance, however, is one of form rather than of substance, and as far as the pleadings show, does not make the slightest difference in the character or quality of the title or the quantity of land obtained by Zellmer. We are unable to see that Zellmer has been deprived of any substantial rights such as a court of equity can restore to him, and we are of the opinion that paragraph 13 states a defense to the respondent's complaint. If plaintiff has a cause of action against Patterson for damages for breach of contract or duty as an agent or attorney, he can seek relief in an appropriate action, and, if he desires to controvert the allegations of the answer, including paragraph 13, he still has the opportunity to do so. Our decision does not stand in his way.

The order of the district court appealed from is reversed. All concur.

MORGAN, C. J., not participating.